APPEL, Justice
(concurring specially).
I concur in the majority opinion. I would base the decision in this case, how *443 ever, on article I, section 8 of the Iowa Constitution.
First,- article' I, section 1 declares that men and women have certain “inalienable rights,” among those being “enjoying and defending life and liberty.... ” The general declaration of inalienable rights is given further definition in article I, section 8 of the Iowa Constitution, which provides,
The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable, cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized.
The constitutional focus of article I, section 8 is on protecting personal, inalienable rights at the very heart of freedom, the right to be secure in one’s home and personal effects from unwarranted government invasions. See State v. Young, 863 N.W.2d 249, 278 (Iowa 2015) (“The bill of rights of the Iowa Constitution embraces the notion of ‘inalienable rights’.... ”); State v. Short, 851 N.W.2d 474, 484 (Iowa 2014) (noting the role of article I, section 1 in this court’s decision in Coger v. Nw. Union Packet Co., 37 Iowa 145 (1873), which rejected the notion that African Americans could be subjected to different treatment in public transportation); Joseph R. Grodin, Rediscovering the State Constitutional Right to Happiness and Safety, 25 Hastings ■ Const. L. Q. 1, 22 (1997) (“[Mjost courts have assumed that the inalienable rights clauses have some judicially enforceable-content.”).1 .
Second, the United 'States Supreme Court, in recent innovations, has undercut its own previous recognition of the traditional and fundamental concept' that search and seizure protections are personal rights. In Stoner v. California, the Court declared that the right to be. free from a warrantless search was “a right.... which only the petitioner could waive ... either directly or through an agent.” 376 U.S. 483, 489, 84 S.Ct. 889, 893,11 L.Ed.2d 856, 860 (1964). Consistent with the personal-rights theory of search and seizure protections, after Stoner, the Court held that search and seizure rights are personal rights which cannot be asserted by a third party. Rakas v. Rlinois, 439 - U.S. 128, 133 - 34, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, 391 (1978). Although the Court significantly and unworkably undermined the concept of consent in Schneckloth v. Bustamonte, consent was still described as a situation “where a person foregoes a constitutional right.” i 412 U.S. 218, 245, 93 S.Ct. 2041, 2057, 36 L.Ed.2d 854, 873 (1973).
The Court, however, upset the logic and balance of its prior consent cases in Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). In Rodriguez, the Court abandoned its focus on the personal nature of search and seizure protections and instead developed a new test of consent based on the reasonableness of police conduct. Id. at 184, 110 S.Ct. at 2799, 111 L,Ed.2d at 158; see Christo Lassiter, Consent to Search by Ignorant People, 39 Tex.. Tech L. Rev. 1171, 1173 (2007) (characterizing Rodriguez as “a new approach”).
This new approach to consent embraced by the Court in Rodriguez stands in strong contradiction to its prior caselaw. We should not embrace this new approach to consent under the Iowa Constitution, which protects inalienable rights, including those related to search and seizure in article I, section 8. We have rejected “socio-juristie rationalizations” or “dilution” theories in search and seizure law. State v. Cullison, 173 N.W.2d 533, 536 (Iowa 1970).
*444 Third, while the United States Supreme Court in jRodriguez and- other later cases has sought to shrink the warrant requirement through radiations emanating from a highly pliable reasonableness clause, we have declined to adopt this additional revision of traditional search and seizure law under article I, section 8 of the Iowa Constitution, Instead, we have reaffirmed -the primacy of the warrant requirement. See State v. Ochoa, 792 N.W.2d 260, 269 (Iowa 2010).
We examined these developments at length in State v. Short, 851 N.W.2d 474; As noted in Short, our constitutional jurisprudence has long emphasized the primacy of the warrant requirement. Id. at 503. In Short, we reiterated the traditional view that the constitutional workhorse of the search and seizure protections under article I, section 8 is the warrant requirement. Id. at 506. ' As explained in Short, the warrant requirement mandates not only that searches be approved by a neutral magistrate, but equally importantly that the scope of the search be well defined and that probable cause exists to support it. Id. at 502-03. Short firmly rejected the view that a freestanding concept of “reasonableness ... [was] the touchstone of search and seizure law.” Id. at 501. We stated in Short that such an approach eviscerated the protections available under search and seizure law. Id. at 501-02.
There are, as recognized in Short, exceptions to the ordinarily required warrant based largely upon the impracticability of obtaining a warrant. Id. at 496-97. There is no claim in this case that the warrantless search here was supported by exigent circumstances or a search incident to arrest. The search is supported solely on the theory of consent. The question thus is whether the defendant' here consented to forego the constitutional protections offered by the warrant requirement under article I, section 8. If a person grants consent to a search or seizure, the protections of article I, section 8 are inapplicable.. .
Fourth, in evaluating consent, the sole focus is whether the individual has elected to forgo personal constitutional protections, thereby rendering constitutional limitations inapplicable. The focus should laser in on the only relevant constitutional issues: Did the defendant give consent, and was the consent voluntary or coerced?
We must thus separate the wheat from the chaff. Consent searches have nothing to do with the impracticability, of obtaining a warrant. Impracticability is beside the point. Consent searches have nothing to do with the reasonability of police conduct. Otherwise, the personal search and seizure protections of article I, section 8 are turned upside down and subverted from providing personal protections into an enabling act allowing police to engage in warrantless searches without consent as long as the search meets some freewheeling post-hoc concept of reasonableness. See Thomas Y. Davies, Denying a Right by Disregarding Doctrine; How Illinois y. Rodriguez Demeans Consent, Trivializes Fourth Amendment Reasonableness, and Exaggerates the Excusability of Police Error, 59 Tenn. L.Rey. 1, 6 (1991) [hereinafter Davies].
Here, it is clear there was no actual consent. Further, it is undisputed that no third party had actual authority to give consent. Under article I, section 8, a warrant is thus required to conduct the search, unless some exception to the warrant requirement is present. Because the State does not claim any other basis to support the search, the results of the search are based on an unauthorized third-party consent and must be suppressed.
In this case, counsel for Jackson did not argue that article I, section 8 of the Iowa *445 Constitution should be construed differently from its federal counterpart. In my view, Jackson received ineffective assistance of counsel'because of his failure to raise the issue. As we have previously stated, defense lawyers must “take pains to guarantee that their training is adequate and their knowledge up-to-daté in order to fulfill their duty as advocates.” State v. Vance, 790 N.W.2d 775, 785 (Iowa 2010) (quoting ABA Standards for Criminal Jústice: Prosecution Function and Defense Function 4-1.2(e) cmt., at 122-23 (3d ed.1993)). Further, an effective attorney is one who “diligently devotes him or herself to scholarly study of the governing legal principles” implicated in a given case. Id. at 786 (quoting 16 Gregory C. Sisk & Mark S. Cady, Imva Practice Series: "Lawyer and Judicial Ethics, § 5:l(b), at 140 (2007)). A' lawyer conforming to these standards would have been aware' of the willingness of- state1 courts, including Iowa’s, to depart from United States' Supreme Court precedent in the search and seizure area, of the caselaw from other jurisdictions where state supreme, courts have declined to follow Rodriguez, and.of the academic literature criticizing the consent. doctrine adopted in Rodriguez. . See State v. Lopez,, 78 Hawaii 433, 896 P,2d 889, 901-02 (1995); State v. McLees, 298 Mont. 15, 994 P.2d 683, 691 (2000); State v. Wright, 119 N.M. 559, 893 P.2d 455, 461 (N.M.Ct.App.1995); State v. Will, 131 Or.App. 498,885 P.2d 715, 719 (1994); State v. Morse, 156 Wash.2d 1, 123 P.3d 832, 838 (2005); Davies, 59 Tenn. L.Rev, at 8-10.
For the above reasons, I would thus hold that the search in this case is constitutionally infirm under article I, section 8 of the Iowa Constitution.